```
DONGMING XU,                    )
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )   No.  CV-91-01178-DLJ
                                )
                                )   ORDER
YUN SANG IP, and                )
SUN HING COMMODITY, LTD.,       )
                                )
            Defendants.         )
_____)
```

On July 22, 2008, plaintiff Dongming Xu ("Xu") filed an application seeking (1) a writ of execution to enforce his money judgment, and (2) a judicial sale of residential real property owned by defendant Yun Sang Ip ("Ip"). Ip did not file an opposition. Having considered the papers submitted and the applicable law, the Court hereby DENIES the application.

### I. BACKGROUND

**A. Factual Background and Procedural History**

On April 18, 1991, Xu filed a pro se complaint for fraud against Ip. On August 28, 1992, the Court granted default judgment in favor of Xu. The Court awarded Xu money damages in the amount of $60,203. Since that time, Xu has renewed his judgment every five years: on August 28, 1997; August 28, 2002; and August 28, 2007. Due to the accrual of interest over time, the value of the judgment has increased to $203,184.

Xu has been unsuccessful in enforcing his judgment. On July 22, 2008, Xu filed the instant application seeking a writ of execution pursuant to Federal Rule of Civil Procedure ("FRCP") 69.

In conjunction with the writ, Xu moves for the sale of a house owned by Ip in Rosemead, California.  Rosemead is located in Los Angeles County.

**B.  Legal Standard**

Under FRCP 69, a money judgment must be enforced by a writ of execution.  Fed. R. Civ. P. 69(a)(1).  The writ process is governed by the law of the state where the presiding court is located.  Id.

In California, once a court has entered a money judgment, the court clerk must issue a writ of execution upon application of the judgment creditor.  See Cal. Civ. Proc. Code § 699.510(a).  In most cases, the issuance of the writ is a ministerial act which the clerk has no discretion to refuse.  See In re Marriage of Farner, 216 Cal. App. 3d 1370, 1376 (1989).  Judicial action is only required if the judgment is conditional, or if there is some question regarding the value of the judgment.  See id.

Special rules apply when the judgment creditor seeks the forced sale of a dwelling.  Under the so-called homestead exemption, the judgment creditor must obtain a writ of execution and have it executed by the appropriate levying officer.  See Cal. Civ. Proc. Code § 704.750(a).  Only then may the creditor move for a court-ordered sale.  See, e.g., id.; In re Marriage of Schenck, 228 Cal. App. 3d 1474, 1477-78 (1991).  The motion for sale must be heard in the county where the dwelling is located.  See Cal. Civ. Proc. Code § 740.750(b)(1).

2

## II. DISCUSSION

Xu has not followed the proper procedure for obtaining a writ of execution. No part of Xu's judgment was conditional or unclear as to the amount due. As a result, there is no need for judicial consideration of the matter. Accordingly, Xu's application is improperly before the Court.

Xu also failed to follow the proper procedure for obtaining the court-ordered sale of a dwelling. Xu has not yet obtained a valid writ or had it executed. As a result, Xu's motion is premature. Even if the motion were timely, however, this Court -- sitting in the Northern District of California -- lacks jurisdiction over property located in Los Angeles County. Xu contends the homestead exemption might not apply to this case because there is evidence that Ip does not live at the Rosemead property. The record is not clear on this issue, however, and this Court is not the proper venue to engage in argument on the substance of the homestead exemption.

## III. CONCLUSION

Based on the foregoing, the Court hereby DENIES the application.

IT IS SO ORDERED

Dated: October 7, 2008

                                            D. Lowell Jensen
                                            United States District Judge